IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **Lloyd Mitchell,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | C.A. No._____ |
| v. | § | |
| | § | |
| **Luby's Fuddruckers Restaurants,** | § | |
| | § | |
| Defendant. | § | (JURY TRIAL DEMANDED) |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Plaintiff, Lloyd Mitchell, filing his Original Complaint complaining of Defendant, Luby's Fuddruckers Restaurants, and in support thereof would show as follows:

**I.
JURISDICTION, PARTIES AND VENUE**

1. This Court has jurisdiction over the causes of action alleged by Plaintiff pursuant to (i) 42 U.S.C. §1981 and (ii) Title VII of the Civil Rights Act of 1964, as amended.

2. Lloyd Mitchell resides in Harris County, Texas. Plaintiff is an African-American and is protected by 42 U.S.C. §1981 and Title VII. Plaintiff was at all relevant times an employee within the meaning of the applicable statutes.

3. Luby's Fuddruckers Restaurants operates in Texas. Defendant was at all times Plaintiff's employer within the meaning of the aforementioned applicable statutes.

4.      Luby's Fuddruckers Restaurants engaged in an industry affecting commerce and employed more than fifteen (15) regular employees.

5.      The employment practices alleged to be unlawful herein were committed within the Southern District of Texas, Houston Division.  Venue is appropriate in this Court.

**VICARIOUS LIABILITY--RESPONDEAT SUPERIOR**

6.      Whenever in this complaint it is alleged that the Defendant Luby's Fuddruckers Restaurants did any act or thing, it is meant that the Defendant Luby's Fuddruckers Restaurants supervisors, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendant Luby's Fuddruckers Restaurants or was done in the normal and routine course and scope of employment of Defendant Luby's Fuddruckers Restaurants' supervisors, agents, servants, employees, or representatives.

7.      The acts of management were performed while in the employment of Defendant's Luby's Fuddruckers Restaurants, to further Defendant Luby's Fuddruckers Restaurants' business, to accomplish the objective for which said managers were hired, and within the course and scope of that employment or within the authority delegated to said employees.

## II.
## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8.      Plaintiff, Lloyd Mitchell, filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission on or about March 17, 2016.  In that Charge, No. 460-2016-02072, and any amendments and/or attachments thereto, Plaintiff Mitchell asserted that Defendant discriminated against him because of his race.

9. Therefore, Plaintiff was forced to file this suit in order to protect his employment rights. Plaintiff has exhausted his administrative remedies and files this suit within the statutory limitations period.

## III.
## FACTUAL BACKGROUND

10. Plaintiff (African-American) originally began his employment at Luby's Fuddruckers Restaurants in or about March 2008. He was most recently rehired in July of 2012 as a Production Assistant. Plaintiff has been in the position of Shift Leader since approximately April of 2014.

11. Beginning in or about January 2015, Plaintiff began reporting directly to Vice President of Operations Ronald Wright while his immediate supervisor (the General Manager) was on medical leave. In January of 2016, Mr. Wright recommended Plaintiff for a promotion to a salaried position as Assistant Manager.

12. On March 1, 2016, Plaintiff's employment was suddenly and without warning terminated.

13. Specifically, Employee Relations Directors Diana Wright requested Plaintiff meet her in the Corporate office on March 1, 2016. During that meeting, Ms. Wright informed Plaintiff that she was immediately ending his employment because of Plaintiff's criminal background.

14. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission on or about March 17, 2016.

15. The EEOC investigated the matter and concluded that "there is a reasonable cause to believe that there is a violation of Title VII in that the Charging Party and a class of similarly

situated employees were terminated pursuant to a 'blanket termination policy' for individuals whose history contained a conviction for certain types of crimes without conducting any type of individualized assessment of the individual."

16. Luby's Fuddruckers Restaurants hired Plaintiff with knowledge of his criminal record on his application he was initially hired in March 2008.

17. The effect of the practices complained of herein have been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his race and opposition to discrimination.

## IV.
## CAUSES OF ACTION

**A.    RACE DISCRIMINATION PURSUANT TO 42 U.S.C. §1981 And TITLE VII**

18. Plaintiff repeats and re-alleges by reference each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth.

19. Defendant, through its agents, supervisors, or employees violated Plaintiff's civil rights in violation of 42 U.S.C. §1981 and Title VII, by intentionally interfering with Plaintiff's work performance because of his race.

20. This intentional interference consisted of discrimination of a continuous nature.

21. Defendant, through its agents, supervisors, or employees discriminated against Plaintiff, which led to the loss and impairment in whole or part, of the wages, benefits, privileges, and terms and conditions of Plaintiff's employment.

22. The above-described acts on Defendant's part caused Plaintiff's substantial injury and damage.

## V.
## JURY DEMAND

23. Plaintiff's request that this action be heard before a jury.

## VI.
## DAMAGES

24. Defendant's conduct constitutes violations of statutory and/or common law. Such unlawful conduct seriously affects Plaintiff in his occupation, trade and business. Because of Defendant's unlawful conduct, Plaintiff has suffered, suffers, and will continue to suffer humiliation, mental anxiety and stress, and other damages. Plaintiff has suffered direct injury as a proximate result of the unlawful discriminatory practices, policies, and procedures of Defendant. Accordingly, Plaintiff seeks all general, special, incidental, and consequential damages in an amount to be proved at trial including punitive damages.

25. Because of Defendant's unlawful and tortious conduct, it has been necessary for Plaintiff to retain the undersigned attorney to represent him in these causes of action Plaintiff has agreed to pay his attorney reasonable attorney's fees for the preparation and trial of these causes, and further for any appeal thereof should same become necessary.

26. Additionally, Plaintiff has incurred out-of-pocket expenses, which include litigation costs and other expenses to preserve their ability to earn a living. Accordingly, Plaintiff seeks all general, special, incidental, and consequential damages as shall be proven at trial.

27. Further, Plaintiff seeks pre-judgment interest at a rate commensurate with the actual rate of interest in the marketplace or, alternatively, the statutory rate of interest because of the delay in receiving the damages and to avoid unjust enrichment to Defendant. Plaintiff also seeks post-judgment interest at the maximum rate allowed by law in the event that Defendant do not promptly

tender damages assessed against it and to avoid unjustly enriching Defendant.

## VII.
## PRAYER

WHEREFORE, premises considered, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff has judgment against Defendant for:

    a.    Permanent injunction enjoining Defendant, its agents, successors, employees, and those acting in consort with Defendant from engaging in any employment practice which discriminates on the basis of race.

    b.    All damages to which Plaintiff may be entitled pursuant to this Complaint, or any amendment(s) thereto, including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, loss of earnings in the past, loss of earning capacity in the future, loss of benefits in the past, loss of benefits in the future, statutory relief at law, and equity;

    c.    Compensatory damages for pain and mental suffering in the past and future;

    d.    Punitive damages in an amount above the minimum jurisdictional limit of the Court;

    e.    Reasonable attorney's fees, with conditional awards in the event of appeal;

    f.    Pre-judgment interest at the highest rate permitted by law;

    g.    Post-judgment interest from the judgment until paid at the highest rate permitted by law;

    h.    Costs of court and expert witness fees incurred by Plaintiff in the preparation and prosecution of this action; and

i. Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Complaint or by any amendment hereto.

Respectfully submitted,
Law Offices of Katrina Patrick

*/s/ Katrina Patrick*
_____
**Katrina Patrick**
Attorney-in-Charge
State Bar No. 00797218
Federal Bar No. 22038
2800 Post Oak Blvd #4100
Houston, Texas  77056
Telephone:  (713) 796-8218
Facsimile:  (832) 390-2499

**ATTORNEY FOR PLAINTIFF**
Lloyd Mitchell